1  Kent C. Wilson, Esq. CSB#058652
2  One America Plaza
   600 West Broadway, 7th Floor
3  San Diego, CA 92101
   (619) 234-5929
4  (619) 923-2677 e-fax.

5  Attorney for Plaintiffs
   FRANCISCO AND MARIA MARQUEZ

6

7

8

9                UNITED STATES DISTRICT COURT

10             SOUTHERN DISTRICT OF CALIFORNIA

11

12  FRANCISCO J. MARQUEZ, MARIA C.        Case No.
    MARQUEZ, individuals,                  09 CV 2043 WQH CAB
13
              Plaintiffs,                  COMPLAINT FOR DAMAGES,
14                                         INJUNCTION, DELCARATORY & OTHER
         v.                                EQUITABLE RELIEF
15
    FIDELITY NATIONAL TITLE COMPANY,
16  ARGENT MORTGAGE COMPANY, LLC,
    AMERICAN       HOME      MORTGAGE        1.  Intentional Misrepresentation
17  SERVICING, INC., & DOES 1 through 20,   2.  Breach of Fiduciary Duty
                                            3.  Constructive Fraud
18                                          4.  Breach of Covenant of Good Faith & Fair Dealing
              Defendants.                   5.  Declaratory Relief
19                                          6.  Quiet Title
                                            7.  Equal Credit Opportunity Act
20                                          8.  Predatory Lending
                                            9.  Negligence
21                                          10. Usury
                                            11. Accounting
22                                          12. Violations of TILA, HOEPA
                                            13. Violation of RESPA
23                                          14. Violation of FCRA
                                            15. Slander of Title
24                                          16. Violation of CC § 1632
                                            17. Violation CA Bus & Prof Code §17200
25                                          18. Violation of CA Civ Code § 2923.6
                                            19. Violation of CA Civ. Code § 2923.5
26
                                           **DEMAND FOR JURY**
27

28

                                         1

COME NOW PLAINTIFFS, FRANCISCO J. MARQUEZ and MARIA C. MARQUEZ, individuals, who allege damages and seek equitable relief against the Defendants, and each of them, as follows:

## JURISDICTION & VENUE

1.       Jurisdiction is conferred upon this court pursuant to Title 28, § 1331 as there is a federal question and the lawsuit is based on various federal statutes.  Plaintiffs rely on federal statutes 15 U.S.C.A. § 1691 et seq., 15 U.S.C.A. § 1601 et seq., 12 U.S.C.A. § 2601 et seq., and 15 U.S.C.A. § 1681, et seq. on which to base their claims.  Venue is conferred as the property is located and all transactions took place and all parties reside within San Diego County, California, which is within the boundary of the United States District Court for the Southern District of California.

## PRELIMINARY ALLEGATIONS

2.       At all times relevant herein, Plaintiffs, FRANCISCO J. MARQUEZ and MARIA C. MARQUEZ, are the owners of a house in San Diego County whose address is 2277-2279 Citrus Ave., San Diego, CA 92154.

3.       At all times relevant herein, Plaintiffs are informed and believe that Defendants, FIDELITY NATIONAL TITLE COMPANY, ARGENT MORTGAGE COMPANY, LLC, AMERICAN HOME MORTGAGE SERVICING, INC. (hereinafter "Defendants") is or are doing business in Imperial County, California and/or the Trustee of that certain Deed of Trust listing Plaintiffs as Borrower, which is the subject of this Complaint.

4.       At all times relevant herein, Plaintiffs are informed and believe and thereon allege that, DOES 1 through 20, inclusive, true names, identities and capacities, whether individual, corporation, association, partnership or otherwise are at this time unknown to Plaintiffs who therefore sues said Defendants by such fictitious names and will so amend the complaint to show the true names and capacities of such Doe Defendant(s) when the same are ascertained.

5.       At all times relevant herein, Defendant is sued and was acting as principal, employer and/or the agent, servant and employee of said principal(s) or employer(s), and all of the acts performed

1  by them, or their agents, servants and employees, were performed with the knowledge and under the

2  control of said principal(s) or employer(s) and all such acts performed by such agents, servants and/or

3  employers, were performed within the course and scope of their authority.

4

5                                    **STATEMENT OF FACTS**

6         6.       On or about July 27, 2006, Plaintiffs purchased a house as a primary residence, which

7  was located at 2277-2279 Citrus Ave., San Diego, California ("Property").

8         7.       Plaintiffs financed the Property by obtaining financing from Defendant ARGENT

9  MORTGAGE COMPANY, LLC.

10        8.       Defendant AMERICAN HOME MORTGAGE SERVICING, INC. is the current

11  servicing company of said loan.

12        9.       Defendant FIDELITY NATIONAL TITLE COMPANY is the current Trustee of the

13  Deed of Trust.

14        10.      Plaintiffs were required to state their income as part of the initial loan application

15  process.  Plaintiffs stated their accurate yearly income.  There was no request as to proof of said income

16  and Defendants did not show Plaintiffs what exact amounts were eventually stated in respect to their

17  income in the loan application.

18        11.      Based on the foregoing and the ultimate loan received, Plaintiffs' debt to income

19  ratio ended up being 1157.58%, excessively above the recommended industry standard of 35%.  Based

20  on the amounts the Defendants inserted in the loan application, Plaintiffs was unable to qualify for his

21  loan based on his actual income, though a loan was in-fact given by Defendants.

22        12.      During the loan application process, Defendants listed Plaintiffs' income well in

23  excess of what their 2004 and 2005 federal income taxes stated.  Defendants reviewed the tax returns

24  and were aware of the income, though they chose to approve the loan as Stated Income, in order to use

25  an inflated income on the application.

26        13.      Further, during the course of the loan application, the Notice of Right to Cancel in the

27  closing packet failed to state a transaction date or the expiration date of rescission period.  Plaintiffs also

28  failed to receive two copies of the Notice of Right to Cancel.

14.   Any and all documents Plaintiffs received also failed to include initial disclosure and final disclosures, which include RESPA, TILA, ECOA and FCRA disclosures.

15.   Based on the foregoing facts, Plaintiffs began having difficulty paying their mortgage.

16.   Neither thirty (30) days before nor ninety (90) days after the Notice of Default did the Defendants attempt a loan modification "work out" plan, though Plaintiffs were ready and willing to partake in such a plan.

17.   On or about September 6, 2009, Plaintiffs received a Notice of Trustee's Sale from Defendant Trustee FIDELITY NATIONAL TITLE COMPANY, stating that their home would be sold at a public sale on September 28, 2009.

**FIRST CLAIM FOR RELIEF**

**(Intentional Misrepresentation)**

COME NOW PLAINTIFFS and for a separate and distinct CLAIM FOR RELIEF for intentional misrepresentation, allege as follows:

18.   Plaintiffs repeat and re-allege paragraphs 1 through 17 and incorporate the allegations by reference as though fully set forth herein.

19.   During the loan transaction and to date, Defendants defrauded Plaintiffs by concealing or suppressing the following material facts from Plaintiffs:

a. That said Defendants falsely inflated Plaintiffs' stated incomes on the loan application to qualify Plaintiffs for the loan;

b. That based upon Plaintiffs' accurately stated incomes, Plaintiffs would not have qualified for the loan;

c. That Defendants failed to properly assess Plaintiffs' ability to repay the loan;

d. That said Defendants put the Plaintiffs into a loan where it was reasonably foreseeable that there was a high probability of default and failure;

e. That Defendants were not looking out for Plaintiffs' best interests or trying to get them the best loan available to them;

4

f. That Defendants were only interested in getting points, fees and high interest rates from Plaintiffs and not in the long term viability of the loan they arranged and made;

g. That Defendant approved the loan based upon credit scores and the belief that the property would increase in value.

20.    Defendants concealed or suppressed the above material facts with the intent to defraud and induce Plaintiffs to complete the loan transaction. At the time Plaintiffs completed the loan transaction and until Plaintiffs received the results of the forensic audit of their loan documents and discussed the auditor's findings with their attorney in September, 2009, Plaintiffs were unaware of the concealed or suppressed facts and would not have completed the loan transaction had they known those facts.

21.    In justifiable reliance upon said Defendants' conduct, Plaintiffs were induced to complete the loan transaction.

22.    Plaintiffs are informed and believe and, based thereon, allege that as a legal result of said fraudulent concealments by Defendants, Plaintiffs have suffered economic damages in an amount exceeding $500,000, or to be proven at trial.

23.    Further, Plaintiffs are informed and believe and, based thereon, allege that as a legal result of said misrepresentations and fraudulent concealments by Defendants, Plaintiffs have suffered general damages, including severe emotional distress, in an amount exceeding $500,000, or to be proven at trial.

24.    Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiffs' rights. Said conduct by said Defendants was carried out in a despicable, deliberate, cold, callous and intentional manner, thereby entitling Plaintiffs to recover punitive damages in an amount according to proof.

25.    Pursuant to the provisions of CA Civil Code §1542, Plaintiffs have not waived their claims stated in this First Amended Complaint, because due to Defendants fraudulent concealment and suppression of the above material facts, Plaintiffs did not know about said claims or suspect said claims to exist at the time they signed the loan agreement, or until they received the results of the forensic audit and met with their attorney in September, 2009.

5

26.     As a proximate of Defendants' fraudulent concealments, and pursuant to the provisions of CA Civil Code §1689(b)(1), Plaintiffs are entitled to and hereby rescind the loan agreement, the loan modification agreement, the note and the TD with Defendants, as applicable. Plaintiffs intend that this First Amended Complaint be deemed a notice of said rescission when served on said Defendants. Pursuant to said rescission and the provisions of CA Civil Code §§1691 and 1692, Plaintiffs are willing and able and hereby offer to tender any and all amounts due to any of said Defendants, upon condition that said Defendants do likewise, as said amounts are determined in a judgment by this court. As a result of said rescission, Plaintiffs hereby demand that the Notice of Trustee's Sale be retracted, and Plaintiffs allege that the note and TD have been cancelled and are void and that Defendants, as applicable, no longer have any right to sell Plaintiffs' home. Also, Plaintiffs demand that Defendants immediately forward a copy of this notice of rescission to any holder of the note and/or TD, so that said Defendants can make arrangements to purchase the note back from any assignees.

ALL FOR WHICH PLAINTIFFS SEEK DAMAGES AND OTHER RELIEF AS PRAYED.

/////

## SECOND CLAIM FOR RELIEF

### (Breach of Fiduciary Duty)

COME NOW PLAINTIFFS, and for a separate and distinct CLAIM FOR RELIEF for breach of fiduciary duty, allege as follows:

27.     Plaintiffs repeat and re-allege paragraphs 1 through 26 and incorporate the allegations by reference herein as though fully set forth.

28.     Defendants had fiduciary duties to Plaintiffs to act in their best interests to secure for them the best loan available to them and not to engage in the fraudulent concealment and suppression of material facts and the self-enrichment alleged in the foregoing First Claim for Relief.

29.     By knowingly and intentionally engaging in the above-described fraudulent concealments and self-serving conduct and in not advising Plaintiffs that they were being put into a loan that it knew or should have known they could not afford, Defendants breached those fiduciary duties it owed to Plaintiffs.

6

1        30.    Plaintiffs are informed and believe and, based thereon, allege that as a legal result of

2    said breaches of fiduciary duties by Defendants, Plaintiffs have suffered economic damages in an

3    amount exceeding $500,000, or to be proven at trial.

4        31.    Further, Plaintiffs are informed and believe and, based thereon, allege that as a legal

5    result of said breaches of fiduciary duties by Defendants, Plaintiffs have suffered general damages,

6    including severe emotional distress, in an amount exceeding $500,000, or to be proven at trial.

7        32.    Defendants committed the acts herein alleged maliciously, fraudulently, and

8    oppressively, with reckless disregard of Plaintiffs' rights.  Said conduct was carried out in a despicable,

9    deliberate, cold, callous and intentional manner, thereby entitling Plaintiffs to recover punitive damages

10    in an amount according to proof.

11        ALL FOR WHICH PLAINTIFFS SEEK DAMAGES AND OTHER RELIEF AS PRAYED.

12    /////

13    ### **THIRD CLAIM FOR RELIEF**

14    ### **(Constructive Fraud)**

15        COME NOW PLAINTIFFS, and for a separate and distinct CLAIM FOR RELIEF for

16    constructive fraud, allege as follows:

17        33.    Plaintiffs repeat and re-allege paragraphs 1 through 32 and incorporate the allegations

18    by reference herein as though fully set forth.

19        34.    Regulation B at 12 C.F.R. 202 ("Reg. B"), implementing the provisions of the Equal

20    Credit Opportunity Act ("ECOA"), which is codified at 15 U.S.C.A. § 1601 and 15 U.S.C.A. §§ 1691, et

21    seq., requires that institutions obtain written applications for mortgages on dwellings occupied as a

22    primary residence.  Under the circumstances of the subject loan transaction, Defendants had duties to

23    obtain a written application from Plaintiffs that contained sufficient information about Plaintiffs' prior

24    residences, occupations, incomes and liabilities, to assess whether or not Plaintiffs' stated incomes were

25    reasonable.

26        35.    In failing to obtain a written application from Plaintiffs that contained sufficient

27    information about Plaintiffs' prior residences, occupations, incomes and liabilities, to assess whether or

28    not Plaintiffs' stated incomes were reasonable, Defendants could not have made that determination.

7

1    36.    By failing to comply with their duties regarding Plaintiffs' incomplete loan

2  application, by Defendants breaching their fiduciary duties to Plaintiffs, and by Defendants engaging in

3  the fraudulent concealment and suppression of material facts as alleged in the above First and Second

4  Claims for Relief, said Defendants committed constructive fraud.

5    37.    Plaintiffs are informed and believe and, based thereon, allege that as a legal result of

6  said constructive fraud by said Defendants, Plaintiffs have suffered economic damages in an amount

7  exceeding $500,000, or to be proven at trial.

8    38.    Further, Plaintiffs are informed and believe and, based thereon, allege that as a legal

9  result of said breaches by said Defendants, Plaintiffs have suffered general damages, including severe

10  emotional distress, in an amount exceeding $500,000, or to be proven at trial.

11    39.    Said Defendants committed the acts herein alleged maliciously, fraudulently, and

12  oppressively, with reckless disregard of Plaintiffs' rights. Said conduct was carried out in a despicable,

13  deliberate, cold, callous and intentional manner, thereby entitling Plaintiffs to recover punitive damages

14  in an amount according to proof.

15    ALL FOR WHICH PLAINTIFFS SEEK DAMAGES AND OTHER RELIEF AS PRAYED.

16

17    **FOURTH CLAIM FOR RELIEF**

18    **(Breach of Covenant of Good Faith and Fair Dealing)**

19    COMES NOW PLAINTIFFS, and for a separate and distinct CLAIM FOR RELIEF for Breach

20  of Covenant of Good Faith and Fair Dealing against Defendants, allege as follows:

21    35.    Plaintiffs repeat and replead paragraphs 1 through 34 and incorporate the allegations

22  by reference therein as though set forth below.

23    36.    At all pertinent times, the agreements entered into between Plaintiffs and Defendants

24  contained an implicit covenant of good faith and fair dealing requiring Defendants to act honestly and in

25  good faith in the performance and enforcement of the contract(s).

26    37.    The conduct of Defendant in purposefully overstating Plaintiffs' income and failing

27  to disclose material information in the loan application process, constitutes a breach of the covenant of

28  good faith and fair dealing.

8

38.    Plaintiffs are informed and believe and thereon allege that as a legal result of this Defendant's conduct, Plaintiffs have suffered economic damages in an amount in excess of $500,000 or to be proven at trial.

39.    Plaintiffs are informed and believe that as a further legal result of this Defendant's conduct, Plaintiffs have suffered severe emotional distress in an amount in excess of $500,000 or to be proven at trial.

40.    Defendants, and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiffs' rights.  Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manner thereby entitling Plaintiffs to recover punitive damages from Defendants in an amount according to proof.

ALL FOR WHICH PLAINTIFFS SEEK DAMAGES AND OTHER RELIEF AS PRAYED.

## FIFTH CLAIM FOR RELIEF
### (Declaratory Relief)

COME NOW PLAINTIFFS, and for a separate and distinct CLAIM FOR RELIEF for declaratory relief against all Defendants, allege as follows:

41.    Plaintiffs repeat and re-allege paragraphs 1 through 40 and incorporate the allegations by reference herein as though fully set forth.

42.    An actual controversy has arisen and now exists between Plaintiffs and all named Defendants concerning their respective rights and duties pertaining to the subject property and the described transactions.  Defendants contend that a breach of the obligations secured by the TD has occurred in that Plaintiffs failed to make their monthly mortgage payments and thus, through a foreclosure they are able to sell Plaintiffs' home.  Plaintiffs contend that they are able to retain ownership and possessory rights to their home based on their service of notice of rescission and rescission of the loan agreement, the loan modification agreement, the note and the TD with Defendants, as applicable.  Plaintiffs further contend that they have a right to rescind the loan, note and TD based upon the fraudulent concealment and suppression of material facts as alleged in their First Claim for

9

1  Relief for Intentional Misrepresentation.  Plaintiffs further contend that said right of rescission applies to
2  all named Defendants and that, upon rescission, none of the named Defendants will have any interest in
3  the TD that will support a foreclosure against Plaintiffs' home.  For those reasons, Plaintiffs contend that
4  Defendants lack standing to sell Plaintiffs' home at a foreclosure sale.

5        43.    Plaintiffs desire a judicial determination and declaration of the rights of the parties.
6  Such a determination is necessary and appropriate at this time so that Plaintiffs may determine their
7  rights and duties.

8        ALL FOR WHICH PLAINTIFFS SEEK DAMAGES AND OTHER RELIEF AS PRAYED.

9

10  **SIXTH CLAIM FOR RELIEF**
11  **(Action to Quiet Title)**

12        COME NOW PLAINTIFFS, and for a separate and distinct CLAIM FOR RELIEF to quiet
13  title, allege as follows:

14        44.    Plaintiffs repeat and re-allege paragraphs 1 through 43 and incorporate the allegations
15  by reference herein as though fully set forth.

16        45.    Plaintiffs are the concurrent owners, as joint tenants, in fee of title to property
17  commonly known as 2277-2279 Citrus Ave., San Diego, CA 92154, legally described as follows:

18        LEGAL DESCRIPTION:
19        APN: 628-040-35:  LOT 9 OF MOORE'S SUBDIVISION OF THE SOUTH HALF OF THE
20        SOUTHEAST QUARTER OF THE SOUTHEAST QUARTER OF SECTION 21,
21        TOWNSHIP 18 SOUTH, RANGE 2 WEST, SAN BERNARDINO BASE AND MERIDIAN,
22        IN THE CITY OF SAN DIEGO, COUNTY OF SAN DIGEO, STATE OF CALIFORNIA,
23        ACCORDING TO MAP THEREOF NO. 1300, FILED IN THE OFFICE OF THE COUNTY
24        RECORDER OF SAN DIEGO COUNTY, DECEMBER 21, 1910.

25        46.    Plaintiffs were seized and possessed of the above-described property within five
26  years of the commencement of this action.

27        47.    Defendants claim and assert interests in the above-described real property which are
28  adverse to Plaintiffs'.  The claims of said Defendants are based upon the TD.

48.    The TD is invalid and void as to Plaintiffs because Plaintiffs have rescinded the loan agreement, the loan modification agreement, the note and TD with Defendants, as applicable.  Plaintiffs intend that this First Amended Complaint be deemed a notice of said rescission when served on said Defendants.  Pursuant to said rescission and the provisions of CA Civil Code §§1691 and 1692, Plaintiffs are willing and able and hereby offer to tender any and all amounts due to any of said Defendants, upon condition that said Defendants do likewise, as said amounts are determined in a judgment by this court.  As a result of said rescission, Plaintiffs hereby demand that the Notice of Trustee's Sale be retracted, and Plaintiffs allege that the note and TD have been cancelled and are void and that Defendant FIDELITY NATIONAL TITLE COMPANY and the other Defendants, as applicable, no longer have any right to sell Plaintiffs' home.  Further, Plaintiffs are entitled to offsets against the note that is secured by the TD, and these offsets are greater in amount than the sum that would otherwise be due under the note, such that Defendants' claims to the property are released.

49.    Plaintiffs seek to quiet title as of the date this complaint is filed.

ALL FOR WHICH PLAINTIFFS SEEK DAMAGES AND OTHER RELIEF AS PRAYED.

### SEVENTH CLAIM FOR RELIEF

### (Violation of Equal Credit Opportunity Act)

COMES NOW PLAINTIFFS, and for a separate and distinct CLAIM FOR RELIEF for Violation of Equal Credit Opportunity Act against Defendants, allege as follows:

50.    Plaintiffs repeat and replead paragraphs 1 through 49 and incorporate the allegations by reference therein as though set forth below.

51.    The term "adverse action" as defined in the Equal Credit Opportunity Act, 15 U.S.C. § 1691(d)(6), means a denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the same terms requested.  Such term does not include a refusal to extend the additional credit under an existing credit arrangement where the applicant is delinquent or otherwise in default, or where such additional credit would exceed a previously established credit limit.

52.     Plaintiffs are informed and believe, and thereon allege, that in the course and conduct of making the mortgage to Plaintiffs, Defendants discriminated against Plaintiffs on the basis of race, color, religion, national origin, sex, marital status, age, receipt of public assistance or because Plaintiffs have exercised any of their rights as detailed in the Equal Credit Opportunity Act, all in violation of 15 U.S.C. § 1691(a).

53.     Plaintiffs are informed and believe, and thereon allege, that in the course and conduct of making the mortgage to Plaintiffs, Defendants failed to, within 30 days of receipt of a completed application for credit, notify the Plaintiffs of its action on the application in violation of 15 U.S.C. § 1691(d)(1).

54.     Plaintiffs are informed and believe, and thereon allege, that in the course and conduct of making the mortgage to Plaintiffs, Defendants failed to, after taking an adverse action on Plaintiffs' request, provide a statement in writing of the reasons as to why an adverse action was taken  in violation of 15 U.S.C. § 1691(d)(2).

55.     As a result of Defendant's aforementioned violations, Plaintiffs request actual damages, plus reasonable attorney's fees and costs which were incurred, in addition to other relief Plaintiffs may be entitled.

56.     Defendants, and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with the reckless disregard of Plaintiffs' rights.  Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manner thereby entitling Plaintiffs to recover punitive damages from Defendants in an amount according to proof.

ALL FOR WHICH PLAINTIFFS SEEK DAMAGES AND OTHER RELIEF AS PRAYED.

### EIGHTH CLAIM FOR RELIEF

**(Violation of California Financial Code § 4970 et seq.)**

COMES NOW PLAINTIFFS, and for a separate and distinct CLAIM FOR RELIEF for Violation of Predatory Lending laws against Defendants, allege as follows:

57.    Plaintiffs repeat and replead paragraphs 1 through 56 and incorporate the allegations by reference therein as though set forth below.

58.    Plaintiffs are informed and believe and thereon alleges that the conduct of Defendants was in violation of California's predatory lending laws, as set forth in Financial Code §4970 et. seq.

59.    As the legal result thereof, Plaintiffs are entitled to special damages and general damages, in an amount currently unknown but according to proof at the time of trial.

60.    Plaintiffs, as the legal result of the actions of the Defendants alleged herein, are entitled to reasonable attorney's fees and costs as the prevailing party pursuant to contract.

61.    Defendants, and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with the reckless disregard of Plaintiffs' rights.    Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manner thereby entitling Plaintiffs to recover punitive damages from Defendants in an amount according to proof.

ALL FOR WHICH PLAINTIFFS SEEK DAMAGES AND OTHER RELIEF AS PRAYED.

## NINTH CLAIM FOR RELIEF

### (Negligence)

COMES NOW PLAINTIFFS, and for a separate and distinct CLAIM FOR RELIEF for Negligence against Defendants, allege as follows:

62.    Plaintiffs repeat and replead paragraphs 1 through 61 and incorporate the allegations by reference therein as though set forth below.

63.    Defendants, as named herein, owed a duty of due care to the Plaintiffs.    Such duty was reached by negligently placing Plaintiffs in the above described loans.

64.    As the legal result of such breach, Plaintiffs have suffered both monetary and non monetary damages.

65.    As the legal result thereof, Plaintiffs are entitled to special damages and general damages, in an amount currently unknown but according to proof at trial.

13

66.    Plaintiffs, as the legal result of the actions of the Defendants alleged herein, are entitled to reasonable attorney's fees and costs as the prevailing party pursuant to contract.

ALL FOR WHICH PLAINTIFFS SEEK DAMAGES AND OTHER RELIEF AS PRAYED.

### TENTH CLAIM FOR RELIEF

### (Usury)

COMES NOW PLAINTIFFS, and for a separate and distinct CLAIM FOR RELIEF for Usury against Defendants, allege as follows:

67.    Plaintiffs repeat and replead paragraphs 1 through 66 and incorporate the allegations by reference therein as though set forth below.

68.    As the result of the loans being in violation of California and Federal lending practices violation for predatory lending as alleged above and herein below, such loans are void and the annual interest rate on the loan is usurious in violation of <u>section 1(1) of article XV of the California Constitution</u>, which provides that the interest rate on a loan primarily for personal, family, or household purposes may not exceed 10% per annum, or in violation of <u>section 1(2) of article XV of the California Constitution</u>, which provides that the interest rate on a loan other than one primarily for personal, family, or household purposes may not exceed the greater of 10% per annum or 5% per annum plus the rate established by the Federal Reserve Bank of San Francisco on advances to member banks on the 25th day of the month preceding the earlier of the date of execution of the contract to make the loan or forbearance, or the date of making the loan or forbearance.

69.    Within 2 years preceding the bringing of this action, Plaintiffs made payments to defendant on Notes for each loan.

70.    An actual controversy presently exists between the parties as to whether the loan is usurious and as to the amount of principal due on the loan, in that Plaintiffs contends as alleged above that the loan is usurious and that all the interest paid on the loan to date and in the future should be credited to the principal, that under <u>Civil Code § 1916-3, subd. (a)</u> interest paid within the year preceding the filing of this action should be trebled and credited to principal, and that defendant is

barred from accelerating or enforcing Plaintiffs' obligation for any breach in payment of interest, while defendant contends the opposite.

71.     Plaintiffs desire a judicial determination of whether the loan is usurious and as to the principal amount due, if any, on the loan as of the date of trial; otherwise, Plaintiffs will be required to pay the loan in full and then sue for money had and received and, if defendant seeks to accelerate or enforce the loan for Plaintiffs' default in paying interest, Plaintiffs will be compelled to bring an action to enjoin such acts.

72.     A judicial declaration is necessary and appropriate at the present time under all the circumstances so that Plaintiffs may ascertain their rights and duties as to payment of the loan from defendant.

73.     Plaintiffs are entitled to recover attorney's fees incurred in bringing and pursuing this action against defendant under the provisions of the loan agreement with defendant.

ALL FOR WHICH PLAINTIFFS SEEK DAMAGES AND OTHER RELIEF AS PRAYED.

## ELEVENTH CLAIM FOR RELIEF

### (Accounting)

COMES NOW PLAINTIFFS, and for a separate and distinct CLAIM FOR RELIEF for Accounting against Defendants, allege as follows:

74.     Plaintiffs repeat and replead paragraphs 1 through 73 and incorporate the allegations by reference therein as though set forth below.

75.     The amount of money due, if any, from Plaintiffs to Defendants is unknown to Plaintiffs and cannot be determined without an accounting.

## TWELFTH CLAIM FOR RELIEF
### (Violations of TILA and HOEPA)

COMES NOW PLAINTIFFS, and for a separate and distinct CLAIM FOR RELIEF for Violation of TILA and HOEPA against Defendants, allege as follows:

76.    Plaintiffs repeat and replead paragraphs 1 through 75 and incorporate the allegations by reference therein as though set forth below.

77.    Plaintiffs are informed and believe, and thereon allege, that Defendants, in concert with its agents, have engaged in acts or practices in violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1666j, as amended, including, but not limited to, the Home Ownership and Equity Protection act of 1994 ("HOEPA"), as amended, and TILA's implementing Regulation Z, 12 C.F.R. §226, as amended.

78.    The terms "amount finance," "annual percentage rate," "closed-end credit," "consumer," "consumer credit," "consummation," "credit," "creditor," "dwelling," "finance charge," "mortgage," "open-end credit," "payment schedule," "points and fees," "residential mortgage transaction," "reverse mortgage transaction," "security interest," and "total of payments" are defined as set forth in Sections 103 and 128 of TILA, 15 U.S.C. §§ 1602 and 1638, and Sections 226.2, 226.4, 226.18, 226.22, 226.32, and 226.33 of Regulation Z, 12 C.F.C. §§ 226.2, 226.4, 226.18, 226.22, 226.32, and 226.33.

79.    The term "HOEPA" means Home Ownership and Equity Protection Act of 1994 which, inter alia, amended TILA by adding Section 129 of TILA, 15 U.S.C. § 1639, and is implemented by, inter alia, Sections 226.31 and 226.32 of Regulation Z, 12 C.F.R. §§ 226.31 and 226.32. HOEPA, which took effect on October 1, 1995, provides special protections for consumers who obtain high-rate or high-fee loans secured by their principal dwellings by requiring creditors to provide certain material information at least three days before the loan is consummated prohibiting the use of certain loan terms, and barring specified practices.

80.    The term "HOEPA mortgage loan" means a consumer credit transaction consummated on or after October 1, 1995, that is secured by the consumer's principal dwelling, other than certain designated exceptions, in which: (1) the annual percentage rate at consummation of the transaction will exceed by more than 10 percentage points the yield on Treasury securities having comparable periods of maturity to the loan maturity as of the 15th day of the month immediately preceding the month in which the application for the extension of credit is received by the creditor; or (2) the total points and fees payable by the consumer at or before loan closing will exceed the greater of

16

1   8% of the total loan amount or $400 (adjusted annually by the Board of Governors of the Federal

2   Reserve System ("FRB") on January 1 by the annual percentage change in the Consumer Price Index

3   that was reported on June1 of the preceding year), which is covered by HOEPA, pursuant to Section 129

4   of TILA, 15 U.S.C. § 1639, and Section 226.32 of Regulation Z, 12 C.F.R. § 226.32. As used herein, the

5   "total loan amount" is calculated as described in Section 226.32(a)(1)(ii)-1 of the FRB Official Staff

6   Commentary on Regulation Z, 12 C.F.R. § 226.32(a)(1)(ii)-1, Supp.1.

7           81.    The term "Regulation Z" means the regulation of the FRB promulgated to implement

8   TILA and HOEPA, 12 C.F.R. 226, as amended.   The term also includes the FRB Official Staff

9   Commentary on Regulation Z, 12 C.F.R. 226, Supp.1, as amended.

10          82.    The term "TILA" means the Truth in Lending Act, 15 U.S.C. §§ 1601-1666j, as

11  amended.   TILA, which took effect on July 1, 1969, is intended to promote the informed use of

12  consumer credit by requiring creditors to disclose credit terms and costs, requiring additional disclosures

13  for loans secured by consumers' homes, and permitting consumers to rescind certain transactions that

14  involve their principal dwellings.

15          83.    Plaintiffs are informed and believe, and thereon allege, that Defendant is a "creditor,"

16  as that term is defined in Section 103(f) of TILA, 15 U.S.C. § 1602(f), and Section 226.2(a)(17) of

17  Regulation Z, 12 C.F.R. § 226.2(1)(17), and therefore is required to comply with applicable provisions

18  of TILA, HOEPA, and Regulation Z.   The loan Defendants made to Plaintiffs in this action was a

19  HOEPA mortgage loan.

20          84.    Plaintiffs are informed and believe, and thereon allege, that in the course and conduct

21  of offering and making the HOEPA mortgage loan to Plaintiffs, Defendants violated the requirements of

22  HOEPA and Regulation Z by failing to make required disclosure in the following respects by:

23          (a)     failing to disclose in writing the following notice:

24

25              You are not required to complete this agreement merely because you have received
                these disclosures or have signed a loan application.  If you obtain this loan, the lender
26              will have a mortgage on your home.  You could lose your home, and any money you
                have put into it, if you do not meet your obligations under the loan, in violation of
27              Section 129(a)(1) of TILA, 15 U.S.C. § 1639(a)(1), and Section 226.32(c)(1) of
                Regulation Z, 12 C.F.R. § 226.32(C)(1).
28

17

(b)      failing to disclose, or accurately disclose terms, including new disclosures when terms changed prior to consummation per 12 C.F.R. § 226.31 (c)(1)(i):

(i) the annual percentage rate, in violation of Section 129(a)(2) of TILA, 15 U.S.C. § 1639(a)(2), and Section 226.32(c)(2) of Regulation Z, 12 C.F.R. § 226.32 (c)(2);

(ii) the regular payment amount and any balloon payment, in violation of 129(a)(2) of TILA, 15 U.S.C. § 1639(a)(2), and Section 226.32(c)(5) of Regulation Z, 12 C.F.R. § 226.32 (c)(5);

(iii) the amount borrowed, in violation of Section 129(a)(2) of TILA, 15 U.S.C. § 1639(a)(2), and Section 226.32(c)(5) of Regulation Z, 12 C.F.R. § 226.32(c)(5);

(iv) the Reconveyance Fee, in violation of Section 129(a)(2) of TILA, 15 U.S.C. § 1639(a)(2), and Section 226.32(c)(5) of Regulation Z, 12 C.F.R. § 226.32(c)(5);

(c )      Failing to make the disclosures described in Paragraph 30(a) and (b) above clearly and conspicuously in writing at least three business days prior to consummation of a HOEPA mortgage loan transaction, in violation of Section 129(b)(1) of TILA, 15 U.S.C. § 1639(b)(1), and Section 226.31(b) and (c)(1) of Regulation Z, 12 C.F.R. § 226.31(b) and (C)(1).

85.     Plaintiffs are informed and believe, and thereon allege, that in the course and conduct of offering and making the HOEPA mortgage loan to plaintiffs, Defendants violated the requirements of HOEPA and Regulation Z by using prohibited loan terms, in the following respects by:

(a)      including a prohibited "balloon payment" provision, in violation of Section 129(e) of TILA, 15 U.S.C. §1639(e), and Section 226.32(d)(1) of Regulation Z, 12 C.F.R. § 226.32 (D)(1); and

(b)      including a prohibited "increased interest rate" after default provision, in violation of Section 129(d) of TILA, 15 U.S.C. § 1639(d), and Section 226.32(d)(4) of Regulation Z, 12 C.F.R. § 226.32(d)94).

86.     Plaintiffs are informed and believe, and thereon allege, that in the course and conduct of offering and making the HOEPA mortgage loan to Plaintiffs, Defendants violated the requirements of HOEPA and Regulation Z prohibiting asset-based lending, by engaging in a pattern or practice of

18

extending such credit to Plaintiffs, a consumer, based on Plaintiffs' collateral rather than considering Plaintiffs' current and expected income, current obligations, and employment status to determine whether the consumer is able to make the scheduled payments to repay the obligation, in violation of Section 129(h) of TILA, 15 U.S.C. § 1639(h), and Section 226.32(e)(1) of Regulation Z, 12 C.F.R. § 226.32(e)(1).

87.     Plaintiffs have suffered, and will continue to suffer, substantial injury as a result of Defendants' violations of HOEPA and TILA, as set forth above.

88.     Plaintiffs are informed and believe, and thereon allege, that as a result of the conduct of Defendants, Plaintiffs are entitled to rescind the loan transaction, recover certain amounts already paid, including interest, finance charges and closing costs, offset these damages against amounts owing on the loan, and collect statutory damages and attorney fees.

ALL FOR WHICH PLAINTIFFS SEEK DAMAGES AND OTHER RELIEF AS PRAYED.


## THIRTEENTH CLAIM FOR RELIEF
### (Violation of RESPA)

COMES NOW PLAINTIFFS, and for a separate and distinct CLAIM FOR RELIEF for Violation of RESPA against Defendants, allege as follows:

89.     Plaintiffs repeat and replead paragraphs 1 through 88 and incorporate the allegations by reference therein as though set forth below.

90.     In creating the loan Defendants have engaged in acts or practices in violation of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C.A § § 2601 et seq.

91.     The terms "federally related mortgage loan," "creditor," "thing of value," "settlement services," "title insurance company," "person," "Secretary," "affiliated business arrangement," and "associate" are defined as set forth in 12 U.S.C.A. § 2602.

92.    The term "RESPA loan" means any loan (other than temporary financing such as a construction loan) which is secured by a first or subordinate lien on residential real property (including individual units of condominiums and cooperatives) designed principally for the occupancy of from one to four families, including any such secured loan, the proceeds of which are used to prepay or pay off an existing loan secured by the same property; and is made in whole or in part by any lender the deposits or accounts of which are insured by any agency of the Federal Government, or is made in whole or in part by any lender which is regulated by any agency of the Federal Government, or is made in whole or in part, or insured, guaranteed, supplemented, or assisted in any way, by the Secretary or any other officer or agency of the Federal Government or under or in connection with a housing or urban development program administered by the Secretary or a housing or related program administered by any other such officer or agency; or is intended to be sold by the originating lender to the Federal National Mortgage Association, the Government National Mortgage Association, the Federal Home Loan Mortgage Corporation, or a financial institution from which it is to be purchased by the Federal Home Loan Mortgage Corporation; or is made in whole or in part by any "creditor", as defined in section 1602(f) of Title 15, who makes or invests in residential real estate loans aggregating more than $1,000,000 per year.  12 U.S.C.A. § 2602 (A) & (B)(i)(ii)(iii)(iv).

93.    Plaintiffs are informed and believe, and thereon allege, that in the course and conduct of offering and making the RESPA mortgage loan to Plaintiffs, Defendants violated the requirements of RESPA by failing to disclose the following:

(a)    Initial Good Faith Estimate;

(b)    Final Good Faith Estimate;

(c)    Notice of Assignment, Sale or Transfer of Servicing Rights;

(d)    Escrow Account Disclosure;

(e)    Affiliated Business Arrangement Disclosure;

(f)    Servicing Disclosure Statement;

(g)    Loan Program Disclosure;

(h)    Reconveyance Fee.

20

94.     Plaintiffs are informed and believe, and thereon allege, that in the course and conduct of offering and making the RESPA mortgage loan to Plaintiffs, Defendants violated the requirements of RESPA, 12 U.S.C.A. § 2607 by partaking in the following:

(a)     providing a person with a fee, kickback or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person.

(b)     providing a fee portion, split or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed.

95.     Plaintiffs are informed and believe, and thereon alleges, that in the course and conduct of offering and making the RESPA mortgage loan to Plaintiffs, Defendants violated the requirements of RESPA, 12 U.S.C.A. § 2608 by partaking in the following:

(a)     requiring, directly or indirectly, as a condition to selling the property, that title insurance covering the property be purchased by the buyer from any particular title company.

96.     Plaintiffs are informed and believes, and thereon alleges, that as a result of the conduct of Defendants, Plaintiffs are entitled to rescind the loan transaction, recover certain amounts already paid, including interest, finance charges and closing costs, offset these damages against amounts owing on the loan, and collect statutory damages and attorney fees.

ALL FOR WHICH PLAINTIFFS SEEK DAMAGES AND OTHER RELIEF AS PRAYED.

## FOURTEENTH CLAIM FOR RELIEF
### (Violation of FCRA)

COMES NOW PLAINTIFFS, and for a separate and distinct CLAIM FOR RELIEF for Violation of FCRA against Defendants, allege as follows:

97.     Plaintiffs repeat and replead paragraphs 1 through 96 and incorporate the allegations by reference therein as though set forth below.

98.     In creating the loan Defendants have engaged in acts or practices in violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C.A § § 1681 et seq.

99.     The terms "person," "consumer," "consumer report," "investigative consumer report," "consumer reporting agency," "file," "employment purposes," "medical information," "overdue support," "State or local child support enforcement agency," "adverse action," "firm offer of credit or insurance," "credit or insurance transaction that is not initiated by the consumer," "State," "active duty military consumer," "fraud alert," "active duty alert," "identity theft," "new credit plan," "card issuer," "credit card," "debit card," "account," "electronic fund transfer," "financial institution," "Federal banking agency," "reseller," "Commission," "nationwide specialty consumer reporting agency," are defined as set forth in 15 U.S.C.A. § 1681a.

100.    Congress enacted the Fair Credit Reporting Act to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and property utilization of such information in accordance with the requirements of this subchapter. 15 U.S.C.A. § 1681(b).

101.    Plaintiffs are informed and believe, and thereon allege, that in the course and conduct of offering and making the above-noted mortgage to Plaintiffs, Defendants violated numerous provisions of FCRA, 15 U.S.C.A. § 1681 et seq. as follows:

(a)     Failure to provide credit scores;

(b)     Failure to provide Notice to Home Loan Applicant;

(c)     Failure to provide Notices of Adverse Action;

(d)     Failure to provide Risk-Based Pricing Notice;

(e)     Failure to make Investigative Consumer Report Disclosure;

(f)     Failure to provide Opt-Out Notices.

102.    Plaintiffs are informed and believe, and thereon allege, that as a result of the conduct of Defendants, Plaintiffs are entitled to rescind the loan transaction, recover certain amounts already paid, including interest, finance charges and closing costs, offset these damages against amounts owing on the loan, and collect statutory damages and attorney fees.

22

ALL FOR WHICH PLAINTIFFS SEEK DAMAGES AND OTHER RELIEF AS PRAYED.

## FIFTEENTH CLAIM FOR RELIEF

### (Slander of Title)

COMES NOW PLAINTIFFS, and for a separate and distinct CLAIM FOR RELIEF for Slander of Title against Defendants, allege as follows:

103.    Plaintiffs repeat and replead paragraphs 1 through 102 and incorporate the allegations by reference therein as though set forth below.

104.    Plaintiffs are informed and believe that Defendants slandered title to the aforementioned property as the facts herein describe.

105.    Defendants communicated to a third party a false statement that was derogatory to the Plaintiffs' title with actual malice, and intention to cause harm, thus causing special damages.

106.    As mentioned hereinabove, the Defendants improperly attempted to sell Plaintiffs' home through a foreclosure sale and have recorded and/or caused to be recorded documents with the San Diego County Recorder's Office which contain false statements and representations, as outlined more particularly above.

107.    Based on the foregoing acts by Defendants, and all of them as mentioned herein, Plaintiffs request reasonable attorney's fees and costs, including but not limited to a request for special damages, to be proven according to proof at trial.

ALL FOR WHICH PLAINTIFFS SEEK DAMAGES AND OTHER RELIEF AS PRAYED.

## SIXTEENTH CLAIM FOR RELIEF

### (Violation of California Civil Code § 1632(b))

COME NOW PLAINTIFFS, and for a separate and distinct CLAIM FOR RELIEF for violation of California Civil Code § 1632(b), allege as follows:

108.    Plaintiffs repeat and re-allege paragraphs 1 through 107 and incorporate the allegations by reference herein as though fully set forth.

109.    Plaintiffs allege that the subject loan was an extension of credit that was negotiated by a broker and is subject to the provisions of Article 7 (commencing with §10240 of the California Business & Professions Code) and, as such, falls within the exception enumerated in California Civil Code §1632(b)(4).

110.    Plaintiffs allege that they are Spanish speakers, that the loan was negotiated entirely in Spanish, the loan was a brokered loan, and that all of the loan documents and contracts were provided to them in English only.  Therefore, Plaintiffs allege that the provisions of the FCLA apply to the subject loan.

111.    Plaintiffs further allege that the conduct of Defendants violated the provisions of the FCLA, entitling Plaintiffs to rescind the loan transaction and cancel the promissory note and TD they signed as part of the loan transaction.

112.    By reason of the foregoing, Plaintiffs have suffered and continue to suffer damages in a sum which is, as yet, unascertained, according to proof at the time of trial.

ALL FOR WHICH PLAINTIFFS SEEK DAMAGES AND OTHER RELIEF AS PRAYED.

## SEVENTEENTH CLAIM FOR RELIEF

### (Violation of California Business and Professions Code § 17200 et seq.)

COMES NOW PLAINTIFFS, and for a separate and distinct CLAIM FOR RELIEF for Violation of California Business and Professions Code against Defendants, allege as follows:

113.    Plaintiffs repeat and replead paragraphs 1 through 112 and incorporate the allegations by reference therein as though set forth below.

114.    Plaintiffs are informed and believe and thereon allege that, at all times herein mentioned, each of the Defendants sued herein was the agent and/or employee of each of the remaining Defendants and was at all times acting within the purpose and scope of such agency and employment.

115.    Plaintiffs are informed and believe and thereon allege that, by reason of Defendants' fraudulent, deceptive, unfair and other wrongful conduct as herein alleged, said Defendants have

24

1  violated California Business and Professions Code § 17200 et seq. by consummating an unlawful, unfair

2  and fraudulent business practice, designed to deprive Plaintiffs of their equity in said property.

3       116.    By reason of the foregoing, Plaintiffs have suffered and continue to suffer damages in

4  a sum which is, as yet, unascertained.

5       ALL FOR WHICH PLAINTIFFS SEEK DAMAGES AND OTHER RELIEF AS PRAYED.

6

7                        **EIGHTEENTH CLAIM FOR RELIEF**

8                 **(Violation of California Civil Code § 2923.6)**

9       COMES NOW PLAINTIFFS, and for a separate and distinct CLAIM FOR RELIEF for

10  Violation of California Civil Code § 2923.6 against Defendants, allege as follows:

11       117.    Plaintiffs repeat and replead paragraphs 1 through 116 and incorporate the allegations

12  by reference therein as though set forth below.

13       118.    Plaintiffs are informed and believe, and thereon allege, that at no time during the

14  course of the foreclosure process, nor any time leading up thereto, was an attempt at a loan modification

15  made by Defendants.

16       119.    Defendants, as a servicer under a pooling and servicing agreement, were required to

17  implement a loan modification plan if said loan was in payment default or default was reasonably

18  foreseeable and where anticipated recovery under the modification exceeds the anticipated recovery

19  through foreclosure.

20       120.    As described hereinabove, Plaintiffs were unable to make said loan payments as were

21  initially required, but were able to make payments under a modified payment plan, thus allowing them

22  to retain their home and providing the Defendants with a higher recovery than through the foreclosure

23  process.

24       121.    Based on the foregoing, Plaintiffs are entitled to reasonable attorney's fees and costs

25  as the prevailing party under the loan agreement.

26       ALL FOR WHICH PLAINTIFFS SEEK DAMAGES AND OTHER RELIEF AS PRAYED.

27

28

## NINETEENTH CLAIM FOR RELIEF

### (Violation of California Civil Code § 2923.5)

COMES NOW PLAINTIFFS, and for a separate and distinct CLAIM FOR RELIEF for Violation of California Civil Code § 2923.5 against Defendants, allege as follows:

122.    Plaintiffs repeat and replead paragraphs 1 through 121 and incorporate the allegations by reference therein as though set forth below.

123.    Plaintiffs are informed and believe and thereon allege that Defendants failed to assess the Plaintiffs' financial situation and explore options for Plaintiffs to avoid foreclosure, thirty (30) days prior to filing the Default.

124.    Defendants are required to refrain from filing a Default and proceeding with the foreclosure process until after thirty (30) days have passed from the time they attempted to assess the financial situation of the Plaintiffs and attempt a "work out" plan.

125.    Further, Defendants were required to reasonably describe any and all due diligence they took in efforts to contact the Plaintiffs thirty (30) days before filing the Default.

126.    As evidenced in the facts hereinabove, Plaintiffs' mortgage was procured between January 1, 2003 and December 31, 2007 and is an owner-occupied residence and thus the principal residence of the borrower.

127.    Plaintiffs are informed and believe, and thereon allege, that as a result of the conduct of Defendants, Plaintiffs are entitled to rescind the loan transaction, recover certain amounts already paid, including interest, finance charges and closing costs, offset these damages against amounts owing on the loan, and collect statutory damages and attorney fees.

ALL FOR WHICH PLAINTIFFS SEEK DAMAGES AND OTHER RELIEF AS PRAYED.

ALL FOR WHICH PLAINTIFFS PRAY AS FOLLOWS:

### On the First Claim for Relief for Intentional Misrepresentation:

1.  Compensatory damages in an amount in excess of $500,000, or to be proven at trial;

2.  General damages in an amount in excess of $500,000, or to be proven at trial;

3. Punitive damages in an amount to be proven at trial;

**On the Second Claim for Relief for Breach of Fiduciary Duty:**

1. Compensatory damages in an amount in excess of $500,000, or to be proven at trial;

2. General damages in an amount in excess of $500,000, or to be proven at trial;

3. Punitive damages in an amount to be proven at trial;

**On the Third Claim for Relief for Constructive Fraud:**

1. Compensatory damages in an amount in excess of $500,000, or to be proven at trial;

2. General damages in an amount in excess of $500,000, or to be proven at trial;

3. Punitive damages in an amount to be proven at trial;

**On the Fourth Claim for Relief for Breach of Covenant of Good Faith and Fair Dealing:**

1. Compensatory damages in an amount in excess of $500,000, or to be proven at trial;

2. General damages in an amount in excess of $500,000, or to be proven at trial;

3. Punitive damages in an amount to be proven at trial;

4. Interest according to law;

**On the Fifth Claim for Relief for Declaratory Relief:**

1. For a declaration that no money is due Defendants by Plaintiffs, and the trustee has no right to conduct the trustee's sale because no breach has occurred.

2. For a declaration that no tender is required based on the lack of attempt at loan modification by the Defendants.

///

**On the Sixth Claim for Relief for Quiet Title:**

1. Judgment that Plaintiffs are the owners in fee simple of the property and that Defendants have no interest in the properties adverse to Plaintiffs;

**On the Seventh Claim for Relief for Violation of Equal Credit Opportunity Act:**

1. Actual damages in an amount to be proven at trial;

2. Punitive damages in an amount to be proven at trial;

**On the Eighth Claim for Relief of Violation of CA Financial Code § 4970:**

1. Actual damages in an amount to be proven at trial;

2. Punitive damages in an amount to be proven at trial;

**On the Ninth Claim for Relief for Negligence:**

1. Compensatory damages in an amount in excess of $500,000, or to be proven at trial;

2. General damages in an amount in excess of $500,000, or to be proven at trial;

3. Punitive damages in an amount to be proven at trial;

**On the Tenth Claim for Relief for Usury:**

1. For a declaration:

   a. That the loan agreement between Plaintiffs and Defendants provides for an annual interest rate in excess of that permitted by law;

   b. That the interest payments Plaintiffs have made on the loan from Defendants acted to reduce the principal amount due on that loan;

   c. That the interest payments Plaintiffs have made within the year preceding the filing of this action should be trebled and then credited to payment of the principal amount due on the loan from Defendants;

   d. That Plaintiffs owe no further interest on the obligation to Defendants;

   e. That Defendants are barred from accelerating or enforcing Plaintiffs' obligation to Defendants for Plaintiffs' failure to pay interest on the obligation; and

   f. The amount of principal owing to Defendants as of the date of trial.

**On the Eleventh Claim for Relief for an Accounting:**

1. The court render an accounting between the parties, determining the amount, if any, actually due and owing from Plaintiffs.


**On the Twelfth Claim for Relief for Violations of TILA and HOEPA:**

1. Rescission;

2. Damages;

3. Offset of amounts owing;

**On the Thirteenth Claim for Relief for Violations of RESPA:**

1. Rescission;

2. Damages;

3. Offset of amounts owing;

**On the Fourteenth Claim for Relief for Violations of FCRA:**

1. Rescission;

2. Damages;

3. Offset of amounts owing;

**On the Fifteenth Claim for Relief for Slander of Title:**

1. Special damages to be proven at trial;

2. General damages to be proven at trial;

**On the Sixteenth Claim for Relief for Violation of CA Civil Code §1632:**

1. Rescission;

2. Damages;

**On the Seventeenth Claim for Relief for Violation of CA Bus & Prof Code §17200 et seq.:**

1. General damages in an amount to be proven at trial;

2. Special damages in an amount to be proven at trial;

**On the Eighteenth Claim for Relief for Violation of CA Civil Code § 2923.6:**

1. General damages in an amount to be proven at trial;

2. Special damages in an amount to be proven at trial;

**On the Nineteenth Claim for Relief for Violation of CA Civil Code § 2923.5:**

1. General damages in an amount to be proven at trial;

2. Special damages in an amount to be proven at trial;

3. Rescission

**On all Claims for Relief:**

1. Costs of suit;

2. Attorneys fees; and

3. Such other relief as the court deems just and proper.

DATED: September 18, 2009                    KENT C. WILSON

By: _[signature]_  Law Offices
   Kent C. Wilson      of Kent Wilson
   Attorney for Plaintiffs

1
2
3
4
# VERIFICATION
5
6
       I am a Plaintiff in the above entitled action or proceeding.  I am a Spanish speaker.  The contents
7
of the Complaint have been read to me by a person I trust to translate English into Spanish and Spanish
8
into English.  I know the contents of the foregoing document(s) "Complaint" is true of my own
9
knowledge except as to those matters which are stated upon my information and belief and as to those
10
matters I believe to be true.  This verification was signed in the City of San Diego.
11
DATED: __9 - 10__, 2009
12
                                   Francisco Marquez
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

VERIFICATION

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Francisco J. Marquez, et al. | Fidelity National Title Company, et al.    09 SEP 18  PM 12: 45 |

**(b)** County of Residence of First Listed Plaintiff  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  San Diego
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

CLERK, U.S. DISTRICT
DEPUTY

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Kent C. Wilson, Esq., One America Plaza, 600 W. Broadway, 7th
Floor, San Diego, CA 92101   619-234-5929

Attorneys (If Known)

'09 CV 2043 WQH CAB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1691 et seq., 15 USC 1601 et seq., 12 USC 2601 et seq., and 15 USC 1681, et seq.

Brief description of cause:
Equal Credit Opportunity Act, FCRA, TILA, RESPA

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____  DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD
_Mary Bullock    Law Offices of Kent Wilson_

**FOR OFFICE USE ONLY**

RECEIPT # 5364    AMOUNT $350.00    APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

MS   9/18/09

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS005364
Cashier ID: msweaney
Transaction Date: 09/18/2009
Payer Name: MANDIE BULLOK
---------------------------------
CIVIL FILING FEE
 For: MARQUEZ V FIDELITY INS
 Case/Party: D-CAS-3-09-CV-002043-001
 Amount:        $350.00
---------------------------------
CREDIT CARD
 Amt Tendered: $350.00
---------------------------------
Total Due:     $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```